JUAN BIANCHI Y ROSAFA ET AL., Plaintiffs and Appellees-Appellants, *v.* ESTELA BIANCHI ROSAFA, Defendant and Appellant-Appellee.

No. 6173. Argued June 22, 1933.—Decided November 24, 1933.

*José Sabater* for appellant-appellee. *Miguel A. García·Méndez* for appellees-appellants.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

Juan, Francisco, and Rosario Bianchi Rosafa, owners of certain rural properties situated in the jurisdictions of

Añasco and Mayagüez, brought unlawful detainer proceedings in the Municipal Courts of Mayagüez and Añasco against Estela Bianchi, sublessee of said properties. Simultaneously with said proceedings plaintiffs filed a petition for injunction in the District Court of Mayagüez against said Estela Bianchi. In the petition plaintiffs alleged that the contract of lease of the said properties expired on August 15, 1930, and that said properties were leased by plaintiffs to the partnership Russell & Co., binding themselves to deliver possession of the land to said partnership at the termination of the contract with defendant, and that although the contract had expired, the sublessee Estela Bianchi remained in possession of the properties against the will of plaintiffs. A writ of injunction was asked to restrain defendant from interfering with plaintiffs in the exercise of their right of re-entry and to compel defendant to permit the entrance of the new lessee on said properties pending a final determination of the actions of unlawful detainer brought by plaintiffs in the Municipal Court of Mayagüez and Añasco. The District Court of Mayagüez issued the writ sought, and ordered the defendant Estela Bianchi to refrain from preventing plaintiffs from taking possession of the properties the object of the unlawful detainer proceedings and from interfering with the possession and enjoyment of the premises by plaintiffs or the new lessee, pending a final decision of the unlawful detainer suits brought by plaintiffs against defendant in the Municipal Courts of Mayagüez and Añasco or order of the court. This order of the court did not contain any award as to the costs.

The defendant took an appeal from the order rendered by the District Court of Mayagüez, which was affirmed by this court on February 5, 1931 (41 P.R.R. 793). The unlawful detainer suits were finally decided after a trial *de novo* by the District Court of Mayagüez on July 16, 1931. In both suits the dispossession of the defendant Estela Bianchi was

ordered, and in one suit costs and attorney's fees were imposed on the losing party. In the appeal from the Municipal Court of Añasco, judgment was rendered absolving defendant from the payment of costs. Plaintiffs moved for a reconsideration of said judgment as to the pronouncement of costs, and, three months after the filing of such motion plaintiffs abandoned the same and asked the district court to issue an order dismissing the injunction proceedings and imposing costs and attorney's fees on the defendant.

In passing upon this motion of the plaintiffs, the district court rendered the following decision:

"Upon reading the motion filed by plaintiffs in the instant case and the motion filed on the same date in civil case No. 15312, whereby plaintiffs abandon their motion for a reconsideration of the judgment rendered in that case; and considering that as a result thereof the unlawful detainer suits filed by plaintiffs are finally determined by definitive (*firmes*) judgments in cases Nos. 15416 and 15312, and that in accordance with the terms of the order of October 8, 1930, granting the injunction in. this case which was subsequently affirmed by the Supreme Court of Puerto Rico, the same is left without effect, therefore it is ordered that this case be dismissed, with costs and attorney's fees against defendant."

Estela Bianchi took an appeal from this pronouncement of costs and attorney's fees against her. Plaintiffs also appealed from an order of the court striking out a memorandum of costs on the ground that it had been prematurely filed; but, as admitted in their brief, they have practically abandoned this appeal, as they have not taken any steps to perfect the same. There is only one appeal before us and that is the one taken by the defendant. It is urged that the court erred in holding that the judgment rendered in one of the cases of unlawful detainer became definitive (*firme*) upon the abandonment by plaintiffs of their motion for reconsideration as to the refusal of costs, and it is added that the lower court also erred in failing to hold that after the actions of unlawful detainer were decided, this injunction proceeding became ineffective, academic and without any legal purpose.

According to the defendant, the lower court accepted the arguments of counsel for the plaintiffs and erroneously held that the motion for reconsideration of the judgment, which relieved the defendant from the payment of costs in the action of unlawful detainer, suspended the effects of said judgment, which subsequently became definitive when the motion for reconsideration was abandoned. The defendant contends that the judgment in the unlawful detainer suit became definitive on July 16, 1931, when it was rendered, and not on October 28 of the same year, when the motion for reconsideration was abandoned. The truth is that said cases were finally determined when the court, on motion of the plaintiffs and without hearing the defendant, imposed the costs and attorney's fees on the latter in the injunction proceeding which had been filed in said court. There is no doubt that the judgment of dispossession became definitive from the moment it was rendered and that the motion for reconsideration as to the costs never operated to suspend the legal effects of said judgment. A judgment in an unlawful detainer proceeding rendered by a district court on appeal from a municipal court, is unappealable by express provision of the law, and is definitive from the moment it is rendered by the district court.

It is clear that the order of injunction could not have any further legal effect, once the plaintiffs were in position to execute the judgments rendered in the actions of unlawful detainer. The order was issued by the district court to prevent the defendant in the municipal court from interfering with certain acts of the plaintiffs. This is not the case of an injunction *pendente lite,* decreed within the same action, to be effective until a decision on the merits is made, but of a writ issued by the district court to be effective pending the final determination of two actions of unlawful detainer brought in different municipal courts. Plaintiffs obtained from the district court all that they had demanded. They did

not ask nor could they have obtained any more. The life of the writ of injunction could not exceed that of the unlawful detainer suits. With the termination of said suits which served as basis for the order *pendente lite* issued by the district court, said order must necessarily cease to have any effect. Once the judgments rendered in the unlawful detainer suits became definitive and enforceable by execution, the plaintiffs could finally obtain the possession of both properties by evicting the defendant therefrom, and the possession so acquired would put them in the full and free exercise of all their rights, including those covered by the order of injunction.

Having reached the above conclusions, we must concede that at the time the district court dismissed the injunction proceedings, and imposed costs on the defendant, the writ, which was *ipso facto* extinguished when the judgments in the unlawful detainer suits became definitive, had ceased to serve any purpose or to have any legal effect.

It is maintained that the court erred in dismissing the case and in imposing costs on the defendant without giving her an opportunity to be heard. It must be acknowledged that the arguments submitted in support of this contention are not without merit. If the court acted within its powers in imposing the costs and attorney's fees on the defendant, one year after the only controverted question in the injunction proceeding had been finally determined, it should not have rendered its decision, without first hearing the interested party. We believe, however, that the lower court went too far when granting the plaintiffs' motion. It seems that in deciding this question we must bear in mind the purpose sought by plaintiffs when requesting the writ of injunction, the scope of the order authorizing its issuance, and the matter actually in dispute in the proceeding before the district court. The plaintiffs had only one purpose: to obtain possession of the properties during the pendency of the actions

of unlawful detainer. As this purpose was accomplished when the order authorizing the writ was entered, plaintiffs' interest with respect to the district court ceased. As a matter of fact, for them the order was final. Nothing was then said as to costs. It does not appear that an award of costs was inadvertently omitted and which would have justified the reconsideration of the order rendered within a reasonable time. In our judgment, an award of costs, if proper at all, should have been made when the order was issued in 1930 and not when the suit was dismissed in 1932.

In the case of *Luce & Co., S. en C.* v. *Cintrón, ante,* page 1, this court said:

"A judgment, as defined by section 188 of the Code of Civil Procedure, is 'a final determination of the rights of the parties in an action or *proceeding.*' An order refusing to grant an injunction *pendente lite* is, of course, an interlocutory order in the main action. It is not an interlocutory order in the proceeding for a temporary injunction. As to that proceeding it is in its nature and essence a judgment. It is 'a final determination of the rights of the parties' in that proceeding. It is so recognized, in effect by section 295 of the Code of Civil Procedure, which places it for purposes of appeal on the same footing with 'a final judgment in an action or special proceeding.''

In the instant case, the order granting the writ of injunction *pendente lite* was by its nature a final judgment. It was undoubtedly so for plaintiffs in the district court where their interest had ceased, as the order was to be effective pending a final decision of the unlawful detainer proceeding in the municipal courts. The defendant, who was not then adjudged to pay costs, was justified in assuming that it had been absolved from such payment. It does not appear that the court reconsidered the order originally rendered; the record does not show any motion seasonably made requesting this reconsideration, on the ground that some pronouncement had been inadvertently omitted when the decision was rendered.

It appears that plaintiffs requested the court to consider as abandoned a case which was practically terminated, and to order its dismissal imposing costs and attorney's fees on the defendant. The court so decided, without hearing defendant, one year and four months after the original order granting the writ of injunction had been rendered.

The order appealed from must be reversed.